CARLOS H. TOSI *vs.* BOSTON RENT CONTROL BOARD. February 1, 1982. By this action brought in the Boston Housing Court, the plaintiff sought relief from the defendant board's dismissal of his petition for a ruling exempting his six-unit apartment building from the local rent control law. The landlord presented two grounds for relief in that court: (1) that he could produce additional evidence to meet the minimum financial requirements set out in Boston Rent Board Regulation 8, § 2(d)(1) (1973); and (2) the building qualified for the exemption under the discretionary provision contained in Regulation 8, § 2(d), which permits the board to issue an exemption ruling regardless of the rehabilitation costs per unit as long as the condition of all the units and the building upon completion is substantially as good as new. The Housing Court denied relief. There was no error.

At trial, all parties agreed (and correctly so) that the standard of review was de novo. See *Mayo* v. *Boston Rent Control Admr.*, 365 Mass. 575, 576 (1974). The judge found that the landlord's total cost of rehabilitation was well below $10,000 per unit, the minimum amount required by § 2(d)(1) of Regulation 8. In addition, the landlord was not able to establish that the six units and the building were substantially as good as new after rehabilitation. The judge's findings are supported by the evidence, and thus cannot be deemed clearly erroneous.

Accordingly, the trial judge could properly conclude on the basis of his well-supported subsidiary findings that the premises were not exempt from rent control under § 1(e)(iii) of c. 15 of the Ordinances of the City of Boston (1975).

Finally, the plaintiff argues that the premises in question are entitled to an exemption as new construction under Regulation 8, § 2(e). An examination of the record shows that this contention was not raised before the board, in the plaintiff's pleadings, or in the Housing Court. "It cannot be raised for the first time before this court." *Milton* v. *Civil Serv. Commn.*, 365 Mass. 368, 379 (1974). The contention, in any event, is of dubious merit.

*Judgment affirmed.*

*Dante G. Mummolo* for the plaintiff.

*Russell F. Fanara* for the defendant.